UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAEED M. COUSAR,

                Plaintiff,

                -against-

MELISSA LYNCH, A.D.A.; PETER J. CIACCI, S.P.O.,

                Defendants.

20-CV-0639 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, currently incarcerated at Southern State Correctional Facility in Delmont, New Jersey, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff contends that his Putnam County Court conviction is invalid because his criminal conduct occurred in New Jersey, and a criminal court in New York thus lacked jurisdiction. He seeks to "expunge" his conviction and seeks damages from the parole officer who arrested him and the Assistant District Attorney who prosecuted him. By order dated February 12, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Saeed Cousar states that his claims arose on March 23, 2018, in Putnam County, New York. According to Plaintiff, Senior Parole Officer Peter Ciacci "filed a felony compl[ai]nt against Saeed Cousar that he knew was [false,] because the conduct that was committed was in the jurisdiction of the State of New Jersey, and not Putnam County." (Compl., ECF No. 2 at 3.)[2] Assistant District Attorney Melissa Lynch "proceeded with the felony complaint" in Putnam County Court and "accepted an[ ] illegal plea from Saeed Cousar knowing [that] there was [no] proof [that] a crime was committed in New York." (*Id.*)

Plaintiff contends that "the only reason Saeed Cousar accepted the [guilty] plea is because of the belief that the courts had jurisdiction to prosecute him." (*Id.*) Plaintiff now argues that "New York never had the authority or jurisdiction to prosecute him . . . because . . . the conduct happened in another State, which was New Jersey." (*Id.* at 3-4.) Plaintiff raised this argument while the criminal proceedings were pending, "but the courts rejected the arg[u]ment and allowed Melissa Lynch to continue." (*Id.* at 4.) According to public records, Plaintiff brought an Article 78 proceeding, seeking to prohibit the State of New York "from proceeding

---

[2] In the Superior Court of New Jersey, Somerset County, a jury found Saeed Cousar guilty of third degree theft by deception and third degree theft of identity. He was sentenced in that action, under Indictment No. 14-02-0111, to ten years' incarceration, and the Superior Court of New Jersey, Appellate Division, affirmed the judgment. *See State v. Cousar*, No. A-2214-17T3, 2019 WL 6522383 (App. Div., 2d Dep't Dec. 4, 2019). The Appellate Division noted in that decision that Plaintiff had seventeen prior convictions.

with an underlying criminal action entitled *People v. Cousar*, pending in the County Court, Putnam County, under Indictment No. 6/19." *Matter of Cousar v. Rooney*, 176 A.D.3d 812 (App. Div., 2d Dep't 2019). The Appellate Division, Second Department, held that Cousar's Article 78 application was "dismissed on the merits." *Id.* at 813.

Plaintiff asserts that he was "wrongfully convicted by Melissa Lynch in Putnam County, New York," and has been "deprived of liberty," in violation of his right to due process. (ECF 2, at 4.) Plaintiff seeks "monetary damages[,] expungement of the charges from New York State," and to have the conviction "sealed." (*Id.* at 5.)

## DISCUSSION

### A.   Challenge To Conviction

To the extent that Plaintiff attacks the validity of his conviction and seeks to have it invalidated, a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 is the proper vehicle for such relief. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (finding that a *habeas corpus* action is the proper means for a state prisoner to bring a "challenge to the fact or duration of his confinement based, as here, upon the alleged unconstitutionality of state administrative action"). To challenge the validity of his conviction, Plaintiff must file a § 2254 petition that clearly identifies which state court judgment he seeks to challenge and whether he is currently in custody pursuant to that conviction, and specifies his grounds for relief and the facts supporting each ground. Plaintiff must also demonstrate in his § 2254 petition that he has fully exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U.S. 270, 275 (1971); Rule 4 of the Rules Governing Section 2254 Cases; *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his

federal claims"). Plaintiff cannot challenge his conviction or seek release from incarceration in a civil rights action under § 1983.

**B.      Favorable Termination**

When success on a plaintiff's civil rights claim would "necessarily imply the invalidity of his conviction or sentence," the plaintiff cannot proceed with the civil rights action unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Plaintiff's guilty plea has not been overturned or otherwise called into question, he cannot proceed with § 1983 claims for damages that would necessarily be inconsistent with his conviction. Thus, for example, Plaintiff cannot pursue his § 1983 claim for damages based on his claim that his Putnam County Court conviction is unlawful, because success on such a claim implies the invalidity of his existing conviction.

Plaintiff sues his parole officer for damages on the ground that he pursued a felony complaint in New York even though Plaintiff's criminal conduct took place in New Jersey. Although the Court does not reach the merits of Plaintiff's challenge to his conviction, the Court notes that there are many reasons why prosecution in New York would be proper "[e]ven though none of the conduct constituting such offense may have occurred within this state." N.Y. Crim. Proc. Law § 20.20(2).[3] Plaintiff's claims for damages against Parole Officer Ciacci for filing a

---

[3] Under N.Y. Crim. Proc. Law § 20.20(2), this includes, for example, situations where "(a) The offense committed was a result offense and the result occurred within this state. . . .; (b) The statute defining the offense is designed to prevent the occurrence of a particular effect in this state and the conduct constituting the offense committed was performed with intent that it would have such effect herein; or (c) The offense committed was an attempt to commit a crime within this state; or (d) The offense committed was conspiracy to commit a crime within this state and an overt act in furtherance of such conspiracy occurred within this state." It could also include situations where "[t]he offense committed was one of omission to perform within this state a duty imposed by the laws of this state. In such case, it is immaterial whether such person was within or outside this state at the time of the omission." N.Y. Crim. Proc. Law § 20.20(3).

4

felony complaint in New York, would (among other flaws) if successful, necessarily be inconsistent with Plaintiff's conviction. Plaintiff therefore cannot pursue such a claim unless his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]" *Heck*, 512 U.S. at 486-87.

C.     **Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties that are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Assistant District Attorney Melissa Lynch for prosecuting him – even though venue in New York was allegedly improper—is based on conduct within the scope of her official duties and associated with the conduct of a trial. Plaintiff's claim against Defendant Lynch is dismissed because it seeks monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 21, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge